UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Joseph A. Ferrara, Sr., Frank Finkel, Marc Herbst,
Thomas Corbett, Robert Wessels, Thomas Gesualdi,
Louis Bisignano, Michael O'Toole, Michael C.
Bourgal, and Darin Jeffers, *as Trustees and
Fiduciaries of the Local 282 Pension Trust Fund*,

                      **MEMORANDUM & ORDER**
                      21-CV-02562 (DG) (CLP)

                Plaintiffs,

        -against-

Heavy Construction Lumber, Inc. and John Doe
Companies 1-99,

               Defendants.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On May 7, 2021, Plaintiffs commenced this action against Defendants Heavy Construction Lumber, Inc. and John Doe Companies 1-99 (collectively, "Defendants"), seeking to collect $307,890.00 in withdrawal liability principal, as well as statutory interest, liquidated damages, and attorney's fees and costs, from Defendants. *See generally* Complaint, ECF No. 1. Defendant Heavy Construction Lumber, Inc. was served but did not appear in this action, *see* Executed Summons, ECF No. 5, and the Clerk of Court entered default against Defendant Heavy Construction Lumber, Inc. on June 14, 2021, *see* ECF No. 7.

      On July 23, 2021, Plaintiffs moved for default judgment against Defendant Heavy Construction Lumber, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). *See generally* Plaintiffs' Motion for Default Judgment (the "Motion"), ECF No. 9; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment ("Pls.' Br."), ECF No. 9-6. In their Motion, Plaintiffs also sought "dismissal of the Complaint against Defendants John Doe Companies 1-99 without prejudice, and with leave to either reopen this

action or bring a new action against any entity that falls within Heavy Construction's controlled group, once identified, for the amount of judgment awarded in this action, plus additional damages, if any." Pls.' Br. at 1-2.

On July 28, 2021, I referred the Motion to Chief Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("R&R"). *See* July 28, 2021 Order.

On January 5, 2022, Judge Pollak issued an R&R recommending that a default judgment be entered against Defendant Heavy Construction Lumber, Inc., that the Court award Plaintiffs $494,523.50 in damages for withdrawal liability, prejudgment interest, liquidated damages, and attorneys' fees and costs, and that the Court dismiss the Complaint against the John Doe Companies without prejudice and with leave to either reopen this action or bring a new action against any entity that falls within Heavy Construction Lumber, Inc.'s control group. *See* R&R at 2, 17, ECF No. 10. The R&R recommended that Plaintiffs be awarded damages in the amount of $494,523.50, reflecting: (1) $307,890 in withdrawal liability, (2) $90,950.50 in prejudgment interest on the withdrawal liability; (3) $90,950.50 in liquidated damages on the withdrawal liability; (4) $4,260.50 in attorneys' fees; and (5) $472 in costs. *See id.* at 17. Plaintiffs filed proof of service of the R&R on January 21, 2022. *See* ECF No. 12.[1] No objection to the R&R has been filed, and the time for doing so has passed. *See* R&R at 17.

---

[1] Plaintiffs were directed to serve a copy of the R&R promptly by certified mail, return receipt requested, on Heavy Construction Lumber, Inc. and to provide the Court with copies of the return receipts. *See* R&R at 17. By Order dated January 20, 2022, Judge Pollak noted that "Plaintiffs have yet to provide the Court with copies of the return receipts" and ordered Plaintiffs to file copies of the return receipts with the Court no later than January 25, 2022. *See* Jan. 20, 2022 Order. Plaintiffs filed a Status Report on January 20, 2022, in which Plaintiffs stated that they "intended and believe that the [R&R] was sent on January 5, 2022," but that Plaintiffs "have not received the returned receipts back and cannot locate the original copies to verify receipt." *See* ECF No. 11. Plaintiffs ultimately filed a Certificate of Service

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). To accept those portions of an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

I have reviewed Judge Pollak's R&R, and, having found no clear error, adopt the R&R in its entirety.

Accordingly, Plaintiffs' Motion for Default Judgment, ECF No. 9, is granted. Plaintiffs are awarded damages as follows: $307,890 in withdrawal liability; $90,950.50 in prejudgment interest on the withdrawal liability, plus an additional $151.84 per day from the date of the issuance of the R&R until the date of final judgment;[2] $90,950.50 in liquidated damages on the withdrawal liability, plus an additional $151.84 per day from the date of the issuance of the R&R

---

on January 21, 2022, noting service of the R&R on Heavy Construction Lumber, Inc. by first-class, certified mail, return receipt requested. *See* ECF No. 12.

[2] The Court notes the addition of prejudgment interest that has accrued since the issuance of the R&R. *See* R&R at 9 ("Pursuant to ERISA, plaintiffs are entitled to an award of interest on unpaid withdrawal liability calculated from the date that the first liability payment was due until the date of final judgment."). On the date the R&R was issued, prejudgment interest totaled $90,950.50. *See* R&R at 9-10. Adopting Judge Pollak's calculations, Plaintiffs are entitled to an additional $151.84 per day from the date of the issuance of the R&R until the date of final judgment. *See id.* at 9; *see also Assets Recovery 24, LLC v. Allrich*, No. 14-CV-03191, 2016 WL 1266946, at *2 n.1 (E.D.N.Y. Mar. 31, 2016) (noting additional prejudgment interest awarded to account for prejudgment interest that had accrued since the filing of the report and recommendation); *N.Y.C. & Vicinity Dist. Council of Carpenters v. Sukhmany Constr. Inc.*, No. 16-CV-06360, 2018 WL 1459457, at *1 (E.D.N.Y. Mar. 23, 2018) (noting that plaintiff "is entitled to per diem prejudgment interest of $3.48 from the date of the Supplemental R&R to the date judgment is entered" (footnote omitted)).

until the date of final judgment ;³ $4,260.50 in attorneys' fees; and $472 in costs.  The Court also dismisses the Complaint against the John Doe Companies 1-99 without prejudice.

      The Clerk of Court is directed to enter judgment accordingly.

      Plaintiffs are directed to serve a copy of this Order on Defendant Heavy Construction Lumber, Inc. by certified mail and to file proof of service no later than March 9, 2022.

      SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: March 2, 2022
       Brooklyn, New York

---

³ The R&R notes that the Trust Agreement provides for an award of liquidated damages equal to the greater of the interest due or 20% of withdrawal liability.  *See* R&R at 10.  Twenty percent (20%) of the total withdrawal liability award of $307,890 equals $61,578, which is less than the interest due.  *See id.*  Judge Pollak recommended that the Court award Plaintiffs liquidated damages of $90,950.50, equal to the interest due.  *See id.*  In accordance with the updated amount of prejudgment interest awarded, the Court awards Plaintiffs $90,950.50 in liquidated damages on the withdrawal liability, plus an additional $151.84 per day from the date of the issuance of the R&R until the date of final judgment.